**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTER DISTRICT OF VIRGINIA**

**Norfolk Division**

**TIFFANY T. SIRACUSA,**

      **Plaintiff**

**v.**                                                            **CIVIL ACTION NO:**

**MEDFRES, INC,**                              **JURY TRIAL DEMANDED**
**a Virginia corporation,**

**Serve: Esmeralda E. Soriano,**
      **Registered Agent**
      **1254 Willoughby Bay Ave.**
      **Norfolk, Virginia 23503-0000**

      **Defendant**

## <u>COMPLAINT</u>

Plaintiff, Tiffany T. Siracusa, by counsel, and for her Complaint against Defendant, Medfres, Inc. alleges as follows:

1.      The Plaintiff, Tiffany T. Siracusa (hereinafter "Plaintiff" or "Ms. Siracusa"), is an African-American female and a resident of the City of Chesapeake, Virginia.

2.      The Defendant, Medfres, Inc. (hereinafter "Defendant" or "Medfres") is a Virginia corporation with its official mailing address in the City of Norfolk, Virginia.  Defendant maintains its sole office and business location in the City of Portsmouth and is regularly engaged in business within the corporate limits of the City of Portsmouth.

3.      Defendant is an employer within the meaning of the

4.      Upon information and belief, at all relevant times Defendant employed more than five (5) but less than fifteen (15) employees.

5.      Defendant is engaged, *inter alia*, in the business of providing healthcare in and around Hampton Roads, including within the City of Portsmouth.

## JURISDICTION AND VENUE

6.      This court has jurisdiction over the subject matter of this complaint pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.      Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c), and Local Rule (3) because Defendant operates in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

8.      At all times pertinent to this Complaint, Defendant, in conjunction with its respective divisions, subsidiaries or affiliates of its Virginia location in the United States, however such divisions, subsidiaries or affiliates are constituted, has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in 29 U.S.C. § 203 (r) and (s). The annual gross sales volume of Defendant exceed $500,000.00 per annum.

## STATEMENT OF FACTS

9.      At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C.§ 201 *et seq.*

10.     Ms. Siracusa does not meet the exemption outlined in §213(a)(1) of the FLSA because she did not work in a bona fide executive, administrative or professional capacity while employed by Defendant.

11.     Ms. Siracusa began employment with Medfres on July 6, 2017 as a Medical Assistant.

12.     During her employment, Ms. Siracusa had to express milk for her three-month-old baby (*i.e.*, Plaintiff's nursing child's age was less than one year old).

13.     Delaying or failing to regularly express milk on a regular basis can cause physical impairment and pain from engorgement and mastitis.

14.     Because Plaintiff knew she would be pumping breast mild throughout her work day, she notified Defendant of her need for a private lactation room while on duty.

15.     At the time, Defendant did not have any procedures in place for dealing with Plaintiff's request.  In fact, Medfres expressly refused to provide Ms. Siracusa any and all requested accommodations such as time for her to express milk and a private space, shielded from view and free from intrusion from coworkers and the public – not a bathroom – each time she needed to pump.

16.     One day, while she was in Defendant's public-access bathroom expressing milk, "Derek," a male coworker walked in on Ms. Siracusa and attempted to begin a conversation. Ms. Siracusa complained to her supervisor that such an incident underscored the necessity of having a private space to express milk and failure to do so violated the law.  Defendant again refused to grant Ms. Siracusa any such accommodation.

17.     In addition to refusing this request, the supervisor told Ms. Siracusa "the only reason [she] was hired was because her last name and [Defendant] thought she was white."  The supervisor further told Ms. Siracusa that the Medfres "cannot hire anymore black employees because the office had too many black people already."  A female coworker, "Alex," was present and heard this conversation.

18.     On August 9, 2017, Medfres fired Ms. Siracusa.  Medfres' Office Manager, "Bianca" personally handed Ms. Siracusa a "discharge letter".  When Ms. Siracusa asked why she was being fired Bianca said she did not know the reason.

19.     Ms. Siracusa then asked the self-proclaimed owner of Medfres, "Mrs. S" why she was being fired.  Mrs. S responded, "Ask Dr. Porter, a doctor working for Defendant (*i.e.,* a member of management).

20.     Plaintiff asked Dr. Porter why she was being fired and she said:  "Do you really want to know the reason?"  Dr. Porter. then told Ms. Siracusa that while she was expressing milk an "important" patient was kept waiting.   Ms. Siracusa tried to explain: (i) Dr. Porter, had given her permission to pump at that time; and (ii) multiple other medical assistants were available to assist the "important" patient.  Mrs. S.  said nothing and Ms. Siracusa left the office extremely distraught and crying.

21.     On September 13, 2017, Ms. Siracusa filed a formal Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Virginia Division of Human Rights.

22.     On August 23, 2017, Derek sent Ms. Siracusa a text message stating that he wanted her to call the office.  Derek later called Ms. Siracusa and told her that Mrs. S would like to offer her job back.  Ms. Siracusa responded that she wanted to hear the offer directly from Mrs. S.

23.     Mrs. S. then called Ms. Siracusa and told her that she had fired Dr. Porter.  Mrs. S. further told Ms. Siracusa that she was a "good worker" and wanted her to return to the office with a pay increase.  Ms. Siracusa agreed to the offer and said she would start the next day at 8:00 a.m.

24.     A few hours later, Derek again called Ms. Siracusa and left her a voicemail stating that Medfres had received notice in the mail that Ms. Siracusa was "suing Ms. S and Doc."   The message further directed Ms. Siracusa to call Mrs. S. to discuss the matter.

25.     Late that same day, Dereck left Ms. Siracusa another message stating that Mrs. S. no longer wanted Ms. Siracusa to return to work.  Derek ended the message by apologizing – "Sorry."

26.     On July 29, 2019, the EEOC issued a Dismissal and Notice of Rights ("Notice") to Ms. Siracusa finding that Defendant "employs less than the required number of employees . . ." as required under federal law.  This Notice also represents the final disposition on Plaintiff's contemporaneously filed complaint with the Virginia Division of Human Rights.

27.     Plaintiff received the Notice on or about July 31, 2019.  Plaintiff has filed her Complaint within 90 days from the date she received her notice authorizing the right to bring this action.

28.     Upon information and belief, failing to recognize Ms. Siracusa's right to be free from discrimination based on her gender and pregnancy related conditions is part of a pattern and practice of Defendant's mistreatment of employees – including openly disrespecting certain employees, including but not limited to, calling them "gay" and "happy man."  In addition to Defendant's management making such caustic statements as the office having "too many black people."

### Count I
### Failure to Accommodate and Retaliation in Violation of the Fair Labor Standards Act, 29 U.S.C. § 207(r) and § 215

29.     Plaintiff refers to, repeats, and re-alleges each and every allegation in the preceding paragraphs of this Complaint and incorporates said allegations into this cause of action as though fully set forth herein.

30.     The Fair Labor Standards Act ("FLSA"), as amended by the Patient Protection and Affordable Care Act, 29 U.S.C. § 207(r), requires an employer to provide a suitable location and break times for the purpose of expressing breast milk for one year after a child's birth each time

an employee has need to express the milk. The location must be a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public.

31.     Medfres did not provide Ms. Siracusa with an appropriate lactation room.

32.     Further, Medfres retaliated against Ms. Siracusa for her repeated and continued reports of her belief that Defendant was violating the law by not providing her with an appropriate lactation room.

33.     Medfres also engaged in a pattern of hostile and belittling behavior toward Ms. Siracusa, causing her serious emotional anguish.

34.     Defendant intentionally discriminated against Ms. Siracusa in violation of the FLSA and acted with malice or with reckless indifference to Plaintiff's federally protected rights.

35.     Upon information and belief, Defendant employs less than 50 employees. Nonetheless, granting Plaintiff's requested accommodations for expressing milk would not have proven a "undue burden" – e.g., while Plaintiff was expressing milk an "important" patient was kept waiting, however, <u>multiple other medical assistants were available to assist the "important" patient</u>. Defendant never claimed the requested accommodations would be an undue burden.

36.     As a result of Defendant's actions as alleged herein, Plaintiff has suffered damages including, without limitation, loss of wages and associated benefits, and emotional distress, for which she should be compensated in an amount to be determined at trial pursuant to 29 U.S.C. § 216(b).

**<u>Count II</u>**
**Wrongful Discharge in Violation of Public Policy**

37.     Plaintiff refers to, repeats, and re-alleges each and every allegation in the preceding paragraphs of this Complaint and incorporates said allegations into this cause of action as though fully set forth herein.

38.     Virginia common law recognizes a woman's right to breastfeed.  *See*, Va. Code § 32.1-370.  *See also*, Va. Code § 2.2-1147.1.   In August 2017, Ms. Siracusa was lawfully present at her place of employment, Medfres, and attempted to express milk – <u>a medical condition related to</u> and necessitated by breastfeeding.

39.     The Commonwealth recognizes the importance of employers understanding the benefits of breast-feeding and the need for an appropriate space (other than a bathroom) for an employee to breast-feed or express their milk for their infant children. *See, e.g.,* Va. Code § 22.1-79.5. *See also*, Va.Code § 18.2-387.

40.     Virginia further recognizes wrongful discharge claims in violation of public policy, *inter alia*, when the discharge was based on the employee exercising her express rights under state law.

41.     Defendant had knowledge of Ms. Siracusa's need to express milk while at work.

42.     Defendant's stated reasons for Ms. Siracusa's firing (*i.e.,* Plaintiff kept an "important" patient waiting) were not the true reasons, but instead were pre-text to hide Defendant's animus toward Plaintiff's assertion of her right to express milk.

43.     Defendant's conduct was intentional, and its violations of state law were willful.

44.     Defendant wrongfully discharged Ms. Siracusa in violation of the public policy of the Commonwealth due to her exercising her rights under state law.

45.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages, including but not limited to loss of past and future income and fringe benefits, loss of professional reputation, mental anxiety and emotional distress.

46.     Plaintiff should be awarded an appropriate amount for loss of earning capacity and future lost wages and benefits of employment.

## Count III
## Virginia Human Rights Act – Gender Discrimination

47.     Plaintiff refers to, repeats, and re-alleges each and every allegation in the preceding

paragraphs of this Complaint and incorporates said allegations into this cause of action as though

fully set forth herein.

48.     Defendant's conduct as alleged above constitutes discrimination based on gender in

violation of the Virginia Human Rights Act, Va. Code § 2.2-3901.  This Act: "Safeguard[s] all

individuals within the Commonwealth from unlawful discrimination because of <u>race</u>, <u>color</u>,

religion, national origin, <u>sex</u>, <u>pregnancy, childbirth or related medical conditions</u>, age, marital

status, or disability, in places of . . . employment. . ." (emphasis added).

49.     The stated reasons for Defendant's conduct (*i.e.,* Plaintiff kept an "important" patient

waiting) were not the true reasons, but instead were pre-text to hide Defendant's discriminatory

animus.  But for her gender and physical need to express milk at work, Defendant would not

have fired Ms. Siracusa.

50.     Defendant's conduct was intentional, and its violations of the law of the Commonwealth

were willful.

51.     As a direct and proximate result of Defendant's violation of the Virginia Human Rights

Act, Plaintiff has suffered damages, including but not limited to loss of past and future income

and fringe benefits, loss of professional reputation, mental anxiety and emotional distress.

52.     Plaintiff should be awarded an appropriate amount for loss of earning capacity and future

lost wages and benefits of employment.

53.     Plaintiff is entitled to recover her reasonable attorney fees and costs.

## **Count IV**
### **Discrimination and Retaliatory Actions Against Whistle Blower, Va. Code § 2.2-3011**

54.     Plaintiff refers to, repeats, and re-alleges each and every allegation in the preceding paragraphs of this Complaint and incorporates said allegations into this cause of action as though fully set forth herein.

55.     At all times relevant herein, Defendant was an "employer" and Plaintiff was an "employee" under Va. Code § 2.2-3010 et seq.

56.     At all times relevant herein, Plaintiff was a "Whistle blower" under Va. Code § 2.2-3010 et seq.

57.     Defendant unlawfully discharged, discriminated and/or retaliated against Plaintiff, a "whistle blower" who was acting on her own behalf when:

    a.  She requested breaks for expressing milk;

    b.  She requested a room, other than a bathroom, in which to express milk;

    c.  She notified her employer of her right to express milk at work;

    d.  She notified her employer of her discomfort having to expressing milk in a public restroom in which both males and females could access while she was expressing milk; and/or

    e.  She filed a complaint with the EEOC and Virginia Division of Human Rights.

58.     Defendant's conduct (statements and actions relating to Plaintiff's firing and subsequent job offer and rescission) was intentional and reckless.

59.     As a direct and proximate result of the negligence of Defendant, as hereinabove alleged, Defendant created a foreseeable risk of physical injury to Plaintiff and as a result, Plaintiff has suffered substantial, severe, and enduring severe emotional distress.

60.     Plaintiff should be awarded an appropriate amount for loss of earning capacity and future lost wages and benefits of employment.  Plaintiff should also be awarded any and all appropriate remedies, including (i) reinstatement to the same position or, if the position is filled, to an equivalent position; (ii) back pay; (iii) full reinstatement of fringe benefits and seniority rights; or (iv) any combination of these remedies.

61.     Plaintiff is entitled to recover reasonable attorney fees and costs.

## Count V
### Negligent Infliction of Emotional Distress

62.     Plaintiff refers to, repeats, and re-alleges each and every allegation in the preceding paragraphs of this Complaint and incorporates said allegations into this cause of action as though fully set forth herein.

63.     Defendant owed Plaintiff a duty to conduct their business activities, including monitoring, supervising, managing and controlling its members of management in a reasonably safe manner so as not to cause unnecessary injury to others.  *See, e.g.,* Va. Code § 2.2-3901.

64.     Further, Defendant owed Plaintiff a duty to train and supervise their employees to conduct themselves in a reasonably safe manner so as not to injure others.  *Id.*

65.     As a direct and proximate result of the negligence of Defendant, as hereinabove alleged, Defendant created a foreseeable risk of physical injury to Plaintiff and as a result, Plaintiff has suffered substantial, severe, and enduring severe emotional distress.

## Count IV
### Intentional Infliction of Emotional Distress

66.     Plaintiff refers to, repeats, and re-alleges each and every allegation in the preceding paragraphs of this Complaint and incorporates said allegations into this cause of action as though fully set forth herein.

67.     Defendant's conduct (statements and actions relating to Plaintiff's firing and subsequent

job offer and rescission) was intentional and reckless.  Further, Defendant's conduct was

extreme, outrageous and intolerable.

68.     As a direct and proximate result of the negligence of Defendant, as hereinabove alleged,

Defendant created a foreseeable risk of physical injury to Plaintiff and as a result, Plaintiff has

suffered substantial, severe, and enduring severe emotional distress.

Plaintiff demands a jury trial.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, Tiffany T. Siracusa, by counsel, prays for entry of judgment in

favor of Plaintiff and against Defendant Medfres, Inc. in the form of the following relief:

a.      Back Pay;

b.      Front Pay;

c.      Compensatory Damages;

d.      Punitive Damages;

e.      Attorneys' fees and court costs associated with this suit; and

f.      Other such relief as may be appropriate to effectuate the purpose of justice.

Date: August 08, 2019                    Respectfully submitted,

**TIFFANY T. SIRACUSA,**

**By:_____/s/_____**

Todd M. Gaynor (Va. State Bar No. 47742)
GAYNOR LAW CENTER, P.C.
440 Monticello Ave., Suite 1800
Norfolk, Virginia 23510
PH: (757) 828-3739
FX: (757) 257-3674
EM: tgaynor@gaynorlawcenter.com